UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - x
                                              :
COLDEN GREY, LTD., AEROSTATION                :   Civil Action
CORPORATION, UNIVERSAL-MCA MUSIC              :   No.
PUBLISHING, A DIVISION OF UNIVERSAL           :
STUDIOS, INC., DUBOSE & DOROTHY HEYWARD       :
MEMORIAL FUND PUBLISHING, GEORGE              :
GERSHWIN MUSIC, IRA GERSHWIN MUSIC AND        :
BILLY STRAYHORN SONGS, INC.,                  :
                                              :   COMPLAINT
            Plaintiffs,                       :
                                              :
    -against-                                 :
                                              :
CAFÉ ATLANTIQUE, LLC, DR. ILAN KINORI         :
AND LAUREL LOBOVITS,                          :
                                              :
            Defendants.                       :
- - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs, complaining of the Defendants, by TYLER COOPER & ALCORN, LLP, their attorneys, allege:

1.  This is a suit for copyright infringement under Title 17, U.S.C.  Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2.  Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public perform-ances of copyrighted musical compositions.  SCHEDULE A annexed to the Complaint sets forth in summary form the allegations herein-

after made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

3.  Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4.  Defendant Café Atlantique, LLC is a Connecticut limited liability company which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Café Atlantique, located at 33 River Street, in Milford, in the State of Connecticut.

5.  Defendants Dr. Ilan Kinori and Laurel Lobovits are residents of this District and, at all times hereinafter mentioned were and still are members of Defendant Café Atlantique, LLC with joint responsibility for the control, management, operation and maintenance of the affairs of said company. The acts hereinafter complained of were done with their active assistance, cooperation, acquiescence and procurement, and they derive financial benefit therefrom.

6.  Musical compositions were and are publicly performed at said place of business.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

9. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

10. The compositions for which there are entries in Columns 7 and 8 are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

11. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subse-

quent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendants' premises, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

      12. The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 on Defendants' premises were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

      13. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

      (a) Defendants have not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

      (b) Despite numerous letters and other contacts by ASCAP representatives informing the Defendants of their lia-

bility under the United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the hours that Defendants' establishment are open to the public for business and presenting musical entertainment.

(c)  The many unauthorized performances at Café Atlantique include the performances of the three copyrighted musical compositions upon which this action is based.

14.  At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

15.  The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in

Defendants' said premises, or in any place owned, controlled or conducted by Defendants' and from aiding or abetting the public performance of such compositions in any such place or otherwise.

    II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

    III.  That the Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

    IV.  For such other and further relief as may be just and equitable.

Dated: _August 18, 2005_

COLDEN GREY, LTD., AEROSTATION CORPORATION, UNIVERSAL-MCA MUSIC PUBLISHING, A DIVISION OF UNIVERSAL STUDIOS, INC., DUBOSE & DOROTHY HEYWARD MEMORIAL FUND PUBLISHING, GEORGE GERSHWIN MUSIC, IRA GERSHWIN MUSIC AND BILLING STRAYHORN SONGS, INC.

By: _____
W. Joe Wilson, ct22292
Tyler Cooper & Alcorn, LLP
CityPlace - 35th Floor
185 Asylum Street
Hartford, CT  06103-3488
Telephone:      (860) 725-6200
Fax:            (860) 278-3802
jwilson@tylercooper.com

Their attorney

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | GOLDEN GREY, LTD., AEROSTATION CORPORATION, UNIVERSAL-MCA MUSIC PUBLISHING, A DIVISION OF UNIVERSAL STUDIOS, INC. | THE SPACE BETWEEN | GLEN BALLARD, DAVID JOHN MATTHEWS | 2/27/01 | PA 1-046-456 | | | 5/7/05 |
| 2. | DUBOSE & DOROTHY HEYWARD MEMORIAL FUND PUBLISHING, GEORGE GERSHWIN MUSIC AND IRA GERSHWIN MUSIC | SUMMERTIME | GEORGE GERSHWIN DU BOSE HEYWARD | 9/28/35 | EP 50655 | IRA GERSHWIN, ARTHUR GERSHWIN AND FRANCES GERSHWIN GODOWSKY, AS "NEXT OF KIN OF THE DECEASED COMPOSER OF THE MUSIC (GEORGE GERSHWIN)"; JENNIFER HEYWARD, AS "THE CHILD OF THE DECEASED AUTHOR OF THE WORDS (DUBOSE HEYWARD)". | 9/28/62 R 301749 | 5/7/05 |
| 3. | BILLY STRAYHORN SONGS, INC. | TAKE THE 'A' TRAIN | BILLY STRAYHORN | 9/5/41 | EP 97540 | MR. GREGORY A. MORRIS, AS "THE EXECUTOR OF THE AUTHOR AND THE COMPOSER, WILLIAM T. STRAYHORN A/K/A BILLY STRAYHORN". | 9/5/68 R 443315 | 5/7/05 |

SCHEDULE "A"